**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DANIEL BEHRMAN,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:15-cv-00285-FB** |
| | § | |
| **MIDLAND FUNDING LLC,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

**DEFENDANT MIDLAND FUNDING LLC'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c), Defendant Midland Funding LLC ("Midland") files this its *Motion for Judgment on the Pleadings* as to each claim and cause of action asserted in Plaintiff Daniel Behrman ("Plaintiff")'s *Amendment to the Complaint* (the "Amended Complaint") (Document No. 5), and respectfully states:

## I. INTRODUCTION

1. This lawsuit arises out of Plaintiff's obligations under a credit account (the "Account") owned by Midland. Plaintiff does not dispute that he opened the Account and does not dispute that there is a balance due and owing on the Account. Plaintiff contends only that notice was sent disputing the Account, but nowhere in the Amended Complaint does Plaintiff state the nature of his dispute of the Account. Instead, Plaintiff contends only that Midland has not substantiated the debt, but has nonetheless reported the status of the debt to one or more credit reporting agencies (CRAs).[1]

2. Consequently, Plaintiff has sued Midland for violation of the federal FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"); and, although not specifically plead, Plaintiff also

[1] *See* Amended Complaint, p. 2, ¶¶ .

appears to assert a claim under the FAIR CREDIT REPORTING ACT ("FCRA"). Plaintiff seeks actual damages in the amount of $68,000.00.

3. As Midland will show, however, Plaintiff has failed to state a claim for relief under the FDCPA because: (1) Plaintiff fails to show he was the object of collection activity; (2) Plaintiff fails to show the Account is a consumer debt; (3) Plaintiff fails to show Midland violated any provision of the FDCPA; and (4) Plaintiff fails to show Midland failed to timely respond to his request for debt validation. Plaintiff has also failed to state a claim for relief under any provision of the FCRA because Plaintiff: (1) fails to identify the substance of his dispute; (2) fails to plead facts to show the CRAs sent his dispute to Midland; and (3) fails to plead facts to show Midland failed to conduct a reasonable investigation of the dispute. Consequently, Midland is entitled to dismissal of the Plaintiff's Amended Complaint with prejudice, and as a matter of law.

## II. LEGAL STANDARD

4. Courts evaluate a motion under FED. R. CIV. P. 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under FED. R. CIV. P 12(b)(6) for failure to state a claim.[2] The purpose of Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief, and not to determine the facts or merits of the case.[3] In fact, the United States Supreme Court recently re-stated: "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

[2] *See Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

[3] *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1982), cert. denied, 476 U.S. 1159 (1986); *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).

unadorned, the-defendant-unlawfully-harmed-me accusation."[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[5] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

5. While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully."[8] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.'"[9] As set forth below, Plaintiff's allegations fail to meet this standard. Consequently, the court should dismiss his FDCPA claim against Midland as a matter of law.

## III. ARGUMENT & AUTHORITIES

### A. Plaintiff Fails to State a Claim For Relief Under the FDCPA.

6. According to Plaintiff, he made a request to Midland under section 1692g(b) of the Act, but "[n]o notice of debt was made by the defendant as required under USC 15 § 1692g(a)…."[10] Plaintiff, however, must establish the following to prevail on an FDCPA claim: (1) he has been the object of ***collection activity*** arising from ***consumer debt***; (2) Defendant is a

---

[4] *Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).

[5] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[6] *Id*. (quoting *Twombly*, 550 U.S. at 557).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *See* Amended Complaint, p. 2, ¶ 11.

"debt collector" as defined by the FDCPA; and (3) Defendant ***has engaged in an act or omission prohibited by the FDCPA***.[11] For the reasons set forth below, Plaintiff has not met his burden.

***1. Plaintiff Fails to Show He Was the Object of Collection Activity.***

7. First, Plaintiff's FDCPA claim fails for a very elementary reason: there are no facts in the Amended Complaint to show Plaintiff was the object of collection activity by Midland.[12] Indeed, Plaintiff's only allegation against Midland is that it continued to report the alleged debt to two credit bureaus….", notwithstanding that it allegedly failed to validate the debt.[13] Plaintiff, however, makes no allegations as to any communications Midland had with him regarding the Account. In fact, nowhere in the Amended Complaint does Plaintiff contend Midland called him or sent him any correspondence requesting payment on the Account; nor does he contend that Midland has filed any lawsuit to collect on the Account. Based on the foregoing, Plaintiff cannot meet the initial burden on his FDCPA claim because he cannot show Midland engaged in collection activity towards him regarding the Account. Thus, the Court should dismiss Plaintiff's FDCPA claim for this reason, alone.

***2. Plaintiff Fails to Show the Debt is a Consumer Debt.***

8. Plaintiff's FDCPA claim fails, further, because the Amended Complaint does not demonstrate that the Account is a consumer debt.[14] The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt";[15] and defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

---

[11] *See Norman v. Certegy Check Services, Inc.*, No. 3:12–cv–836–N (BF), 2013 WL 3878590, *2 (N.D. Tex. Jul. 29, 2013). *See also Browne v. Portfolio Recovery Associates, Inc.*, No. H–11–02869, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013); *Vick v. NCO Financial Systems, Inc.*, No. 2:09–CV–114–TJW–CE, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011), *rec. adopted*, 2011 WL 1157710 (E.D. Tex. Mar. 28, 2011).

[12] *See Norman*, 2013 WL 3878590, *2.

[13] *See* Amended Complaint, p. 2. ¶¶ 10-11.

[14] Although Plaintiff states, in a conclusory fashion, that he is a "consumer" as defined by 15 U.S.C. § 1692a(3), he fails allege any facts to support this position.

[15] *See* 15 U.S.C. § 1692(a)(3).

the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes...."[16] Only the collection of consumer debts are regulated by the FDCPA.[17] Moreover, "[i]t is a plaintiff's burden to show that the obligation at issue was incurred 'primarily for personal, family, or household purposes.'"[18]

9. Here, Plaintiff's Amended Complaint is devoid of any allegations to show the debt is a consumer debt, as required by the FDCPA. For instance, Plaintiff contends only that Midland "is attempting to collect an alleged debt of over $5,000"[19] and that he sent the CRAs notice "disputing the alleged debt";[20] but makes no allegations that the debt was made or used primarily for personal, family or household purposes. Moreover, the Amended Complaint does not provide the Court with any insight regarding the nature of the Account. Because Plaintiff has failed to plead facts to show that the Account is a consumer debt subject to the FDCPA, the Court should dismiss the claim as a matter of law.[21]

***3. Plaintiff Fails to Show Midland Violated the Act.***

(a). <u>Plaintiff Cannot Show a Violation of Section 1692g(a)</u>.

10. Plaintiff's FDCPA claim also fails because Plaintiff has failed to show Midland violated any provision of the statute. For example, Plaintiff contends Midland violated section 1692g(a) of the FDCPA, which provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,

[16] *See Id. See also* § 1692a(5).

[17] *Norman*, 2013 WL 3878590 at *2.

[18] *See Garcia v. Jenkins/Babb LLP*, No. 3:11–CV–3171–N–BH, 2013 WL 6388443, * (N.D. Tex. Dec. 5, 2013) (quoting *Hunter v. Washington Mut. Bank*, No. 2:08–CV–069, 2012 WL 715270, at *2 (E.D. Tenn. Mar. 1, 2012) (citations omitted)).

[19] *See* Amended Complaint, p. 1, ¶ 5.

[20] *See Id*. at p. 2, ¶ 7.

[21] *See Norman*, 2013 WL 3878590 at *2 (denying summary judgment on plaintiff's FDCPA claim because he failed to establish the threshold requirement that defendant's alleged improper collection activity arises from a consumer debt).

unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.[22]

11. Here, Plaintiff pleads no facts to indicate the date of Midland's "initial communication" with him; therefore, Plaintiff necessarily cannot show that Midland failed to send notice as required by section 1692g(a) within five (5) days of such communication.[23] Additionally, Plaintiff does not allege (and pleads no facts to show) that any notice sent by Midland was substantively defective as to the requirements of section 1692g(a). Thus, Plaintiff's claim under section 1692g(a) fails as a matter of law.

(b). <u>Plaintiff Cannot Show a Violation of Section 1692g(b).</u>

12. Plaintiff also contends Midland violated the FDCPA by failing to respond to his request for debt validation under section 1692g(b). Plaintiff's claim under section 1692g fails, first, because "a debt collector is not required under § 1692g to respond by letter to a consumer's letter of dispute; the debt collector must only cease collection activity until verification is

[22] 15 U.S.C. § 1692g(a).

[23] *See Gonzalez v. Midland Funding et al*, Case No. 4:13-CV-50-A (N.D. Tex. Mar. 29, 2013), at *9 ("If an initial communication does not take place, the thirty daytime frame to challenge the debt does not begin to run.").

obtained."[24] In this case, Plaintiff does not allege – nor does he assert facts to support – that Midland disregarded his request for debt validation and nonetheless continued to collect on the Account. Indeed, the Amended Complaint is devoid of facts to show that Midland attempted to collect on the Account, or that Midland failed to cease collection after obtaining Plaintiff's dispute. Consequently, Plaintiff has failed to plead a claim under section 1692g.[25]

13. Plaintiff's 1692g claim fails, further, because Plaintiff cannot show he timely submitted a validation request to Midland. Section 1692g(b) requires an alleged debtor to dispute the debt within thirty (30) days after receiving the *initial communication* from the debt collector; otherwise, the debt is presumed valid.[26] Thus, a debt collector's obligations under section 1692g are not triggered unless and until the debtor submits a timely written notice of dispute or request for validation.[27] Here, Plaintiff has pled no facts to show when he disputed or requested validation of the Account or importantly when Midland initially contacted him about the Account. Although Plaintiff contends the "[f]irst notice was sent to Midland to validate the debt on May 21st 2012";[28] he does not state when Midland sent him the initial communication. Plaintiff has, therefore, failed to plead facts to show Midland violated section 1692g of the FDCPA, and the Court should dismiss the claim with prejudice.

---

[24] *See Bashore v. Resurgent Capital Servs.*, 452 F.App'x 522, 524 (5th Cir. 2011).

[25] *See Smith v. NCO Financial Sys., Inc.*, No, 2:14-cv-1650 TLN CKD PS, 2015 WL 2185252, *2 (E.D. Cal. May 7, 2015) (Dismissing claim under § 1692g(b) holding that "[o]ther than alleging that defendant failed to cease collection efforts, the second amended complaint contains no factual allegations of when or how further collection efforts were made.").

[26] *See* 15 U.S.C. § 1692g(a), (b).

[27] *Williams v. LVNV Funding, LLC*, Civil Action No. 14-cv-01356, 2014 WL 4066612, *4 (D. Colo. Aug. 14, 2015). *See also Smith v. Law Offices of Patenaude & Felix, A.P.C.*, No 13cv3061-WQH BGS, 2014 WL 7272397, *6 (S.D. Cal. Dec. 17, 2014) ("Where a written notice that complies with section 1692g(b) is sent to the debtor, the debtor must send a verification request…within thirty days of receipt of the written notice in order to create any obligation on the debt collector's part.").

[28] *See* Amended Complaint, p. 8.

14. Moreover, to the extent Plaintiff relies on the alleged May 21, 2012 letter to support his section 1692g claim against Midland, the claim still fails because it is barred by the statute of limitations. A claim for relief under the FDCPA must be brought "within one year from the date on which the violation occurs."[29] Consequently, a plaintiff can only recover under the FDCPA for unlawful conduct that occurred within the year preceding plaintiff's filing of the claim.[30] In this case, Plaintiff filed his FDCPA claim against Midland on February 26, 2015.[31] Thus, Plaintiff can only recover for alleged violations by Midland which occurred on or before February 26, 2014. Therefore, the May 21, 2012 letter will not support Plaintiff's FDCPA claim against Midland, and the Court should dismiss the claim for this reason, as well.

### B. <u>Plaintiff Fails to State a Claim For Relief Under the Fair Credit Reporting Act.</u>

15. To the extent Plaintiff asserts a claim against Midland under the FCRA (and it is not clear that he has) for reporting the Account,[32] this claim also fails. First, although § 1681s-2(a) of the FCRA prohibits furnishers like Midland from "[r]eporting information with actual knowledge of errors" and from "[r]eporting information after notice and confirmation of errors," there is no private right of action for violations of § 1681s-2(a) of the FCRA.[33] Thus, Plaintiff has no viable cause of action against Midland under § 1681s-2(a) of the FCRA.

16. Second, pursuant to § 1681s-2(b), liability for furnishers of information like Midland is limited to instances where the furnisher of information is on notice <u>*from a credit*</u>

---

[29] 15 U.S.C. § 1692k(d).

[30] *See Williams*, 2014 WL 4066612 at *3.

[31] *See* Notice of Removal (Document No. 1).

[32] *See Id*. at p. 2, ¶ 7 ("Notice was sent through both Experian and Equifax around June of 2013 disputing the alleged debt in accordance with USC 15 § 1681i(a)(1)…."

[33] *See* 15 U.S.C. § 1681s-2(a). *See also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Finegan v. Chase Home Finance, LLC*, 2012 WL 444046 *3 (S.D. Tex. Feb. 10, 2012) ("There is no private cause of action under 15 U.S.C. § 1681s–2(a), which concerns the duty of furnishers of information to provide accurate information.").

*reporting agency* that the consumer disputes the reported information.[34] The obligations of furnishers of information under § 1681s-2(b) are as follows:

> (1) In general
>
> After receiving notice pursuant to Section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
> (i) modify that item of information;
>
> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.

17. As shown above, the FCRA provides that before liability can be imposed against a furnisher like Midland, the furnisher must first receive "notice pursuant to § 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by [the furnisher] to a consumer reporting agency."[35] Section 1681i(a)(2) requires that a CRA notify the

---

[34] *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) and *see Young* at 639-40.

[35] 15 U.S.C. § 1681s-2(b)(1).

furnisher of a consumer's dispute within five days.[36] Thus, notice from a CRA pursuant to § 1681i(a)(2) is an essential element in any claim under §1681s-2(b).[37] To put it another way, it is the notice from the CRA that triggers the furnishers duties under §1681s-2(b).

18. Here, Plaintiff contends "[n]otice was sent through both Experian and Equifax around June of 2013 disputing the alleged debt",[38] but does not allege that any CRA notified Midland of any alleged dispute of the Account. Absent the existence of a dispute notification to Midland from the CRAs pursuant to § 1681i(a)(2), Plaintiff cannot maintain a FCRA claim against Midland under the facts alleged. In addition, Plaintiff's FCRA claim against Midland fails because the Amended Complaint contains no allegations to show that Midland failed to conduct a reasonable investigation into Plaintiff's disputes, as required by the FCRA.[39]

19. Moreover, the Amended Complaint contains only conclusory allegations as to Plaintiff's dispute of the Account. For example, Plaintiff contends Midland's reporting of the Account is a "false report of a debt", but does not identify in the Amended Complaint how or why the Account is supposedly being reported inaccurately. Plaintiff, likewise, fails to state any facts regarding the contents of his letter to the CRAs wherein he alleges he disputed Midland's reporting of the Account. Accordingly, Plaintiff's Amended Complaint is void of details of the

---

[36] 15 U.S.C. §1681i(a)(2) ("Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer . . . in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute . . . . The notice shall include all relevant information regarding the dispute that the agency has received from the consumer . . .").

[37] *See Smith v. Nat'l City Mortg.*, 2010 WL 3338537, at *15 (W.D. Tex. August 23, 2010) ("Thus, in order to maintain a private right of action against the Defendants under § 1681s-2(b), Plaintiffs must demonstrate that: (1) they notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendants of the dispute; (3) the Defendants failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation."); *see also Finegan* at * 4; *and Ashton v. Sallie Mae, Inc.*, 2010 WL 850984, at *2 (N.D.Tex. March 10, 2010) ("[Plaintiff] does not allege in his complaint that a consumer reporting agency notified Sallie Mae pursuant to 1681i(a)(2). He has therefore failed to state a claim for relief under § 1681s–2(b)."). *See also Young* at 639-40.

[38] *See* Amended Complaint, p. 2, ¶ 7.

[39] *See* 15 U.S.C. § 1681s-2(b)(1).

supposed false reporting.[40] The scant facts offered in the Amended Complaint are, thus, insufficient to enable Midland to determine how it is supposedly incorrectly or erroneously reporting the Account.[41] For this additional reason, Plaintiff's FCRA causes of action should be dismissed with prejudice.

## V. <u>CONCLUSION</u>

For the above reasons, none of the claims asserted against Defendant Midland Funding LLC in Plaintiff's Amended Complaint have any merit. Midland therefore respectfully requests that the Court grant its *Motion for Judgment on the Pleadings* and dismiss Plaintiff's Amended Complaint in its entirety with prejudice to re-filing same.

[40] *See Iyigun v. Cavalry Portfolio Services, LLC,* 2013 WL 93114 * 1 (C.D. Cal. Jan. 8, 2013) ("The plain allegation that the 'the accounts do not belong to' Iyigun does not provide Cavalry with sufficient notice as to the claims against it because it does not sufficiently identify the inaccuracies of the alleged reporting.")

[41] *Iyigun* at * 1-2.

Respectfully submitted,

By: */s/ Tatiana A. Waits*

**GREGG D. STEVENS**
State Bar No. 19182500
**AIMEE G. SZYGENDA**
State Bar No. 24027054
**TATIANA A. WAITS**
State Bar No. 24055090
**MCGLINCHEY STAFFORD, PLLC**
2711 N. Haskell Ave, Suite 2750, LB 38
Dallas, Texas 75204
Telephone: (214) 445-2410
Facsimile: (214) 445-2450
gstevens@mcglinchey.com
aszygenda@mcglinchey.com
twaits@mcgclinchey.com

***ATTORNEYS FOR DEFENDANT MIDLAND FUNDING LLC***

## CERTIFICATE OF SERVICE

On May 27, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2), as indicated below:

***Via CM/RRR***
***and First Class US Mail***

Daniel Behrman
P. O. Box 29502, #18275
Las Vegas, Nevada 89126

***Plaintiff, Pro Se***

*/s/ Tatiana A. Waits*
**TATIANA A. WAITS**

522984.1